UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THOMAS JESSAMY,

                    Petitioner,

     -against-                                           **ORDER**

AMY LAMANNA, Superintendent,                21 Civ. 9242 (NSR)(JCM)

                    Respondent.

---------------------------------------------------------------X

       On February 10, 2022, the Court received a motion and letter from Petitioner Thomas Jessamy ("Petitioner") requesting that he be released on bail pending the Court's decision on his petition for a writ of habeas corpus ("Petition"). (Docket Nos. 13; 14). Petitioner's February 10, 2022 letter, as well as another letter, dated February 16, 2022, also object to the Court's previous order, dated January 26, 2022, granting Respondent Amy Lamanna's ("Respondent") application for a 30-day extension of time to respond to the Petition until March 14, 2022. (Docket Nos. 13; 16; *see also* Docket No. 11). Respondent opposed Petitioner's motion for bail on February 17, 2022. (Docket No. 15).

       The Court has reviewed Petitioner's motion for bail and objections. "[A] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978); *see also* Fed. R. App. P. 23(b). However, "[t]he standard for bail pending habeas litigation is a difficult one to meet," such that a petitioner seeking bail "must demonstrate" (1) "that the habeas petition raise[s] substantial claims[;]" and (2) "that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Mapp v.*

*Reno*, 241 F.3d 221, 225 (2d Cir. 2001) (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990)) (internal quotations omitted).

Petitioner cannot establish the existence of "extraordinary circumstances" that warrant his release, and thus, his bail should be denied. *See id.* The mere fact that Petitioner is "incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance," since "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful." *See Diaz v. Bell*, 21-CV-5452 (LGS) (JLC), 2021 WL 4202567, at *1 (S.D.N.Y. Sept. 16, 2021)[1] (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981); *Moore v. Vann*, 9: 20-CV-0012 (DNH), 2020 WL 2315694, at *1 (N.D.N.Y. May 11, 2020)) (internal quotations omitted). The same is true with regard to Petitioner's complaint that he is unable to see his family or consult an attorney while incarcerated. *See, e.g.*, *Washington v. Franklin Corr. Facility*, No. 9:19-CV-695 (LEK/TWD), 2019 WL 6522003, at *2 (N.D.N.Y. Dec. 4, 2019); *United States v. Whitman*, 153 F. Supp. 3d 658, 661 (S.D.N.Y. 2015). Moreover, Petitioner's claim that if released he would seek employment is also insufficient to establish extraordinary circumstances. *See Harris v. Allard*, No. 1:01-CV-7191(LAP)(KNF), 2002 WL 31780176, at *5 (S.D.N.Y. Dec. 11, 2002). Since Petitioner has not established the existence of "extraordinary circumstances," the Court need not address the merits of Petitioner's substantive allegations.

Furthermore, Petitioner's objections to Respondent's extension of time to answer the Petition also fail because Respondent set forth sufficient reasons for the need for this brief extension. (Docket No. 11). To the extent Petitioner argues that the March 14, 2022 deadline is over 30 days after the date the Court granted this extension, (Docket No. 16), this deadline is

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir. 2009), and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Order and shall be simultaneously delivered to the *pro se* Petitioner.

-3-

correct because it is the first business day following March 13, 2022, which is 30 days after Respondent's original deadline, February 11, 2022.

It is hereby ORDERED that Petitioner's request for bail is DENIED and his objections are OVERRULED.

The Clerk of Court is hereby directed to terminate the pending motion (Docket No. 14), and mail a copy of this Order to the *pro se* Petitioner.

Dated:   February 22, 2022
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge