UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THOMAS JESSAMY,

                       Petitioner,

          -against-

AMY LAMANNA, Superintendent,

                      Respondent.

------------------------------------------------------------x

**ORDER**

21 Civ. 9242 (NSR)(JCM)

Presently before the Court is petitioner Thomas Jessamy's ("Petitioner") request for *pro bono* counsel, dated March 22, 2022. (Docket Nos. 30, 33).  Respondent Amy Lamanna ("Respondent") opposed the request on April 12, 2022. (Docket No. 36).  For the reasons set forth below, the Court denies Petitioner's request.

Whereas a habeas petitioner has no constitutional right to counsel, the Court has discretion to appoint counsel to any person "seeking relief" under 28 U.S.C. § 2254 "[w]henever . . . the interests of justice so require and such person is financially unable to obtain representation." *Padilla v. Artuz*, No. 07 Civ. 5957 (DAB) (DF), 2008 WL 126599, at *1 (S.D.N.Y. Jan. 4, 2008) (quoting 18 U.S.C. § 3006A); *see also Newton v. McAuliffe*, No. 09 Civ. 9818 (JGK), 2010 WL 2267395, at *1 (S.D.N.Y. May 27, 2010).[1]  In exercising its discretion, the Court must make two initial inquiries:  (i) whether Petitioner can afford counsel; and, if not, (ii) whether the merits of the case and Petitioner's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)) (internal quotations omitted).  Only after these initial

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61–62).

As an initial matter, the Court granted Petitioner's application to proceed *in forma pauperis* on December 7, 2021. (Docket No. 5).  Thus, Petitioner has already demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Com'n*., No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004).  As for the likely substance of Petitioner's claims, the Court finds that on the face of the pleadings, at least one of the claims asserted by Petitioner may have merit.

Nevertheless, the Court is not persuaded that appointment of counsel is warranted at this juncture.  Petitioner has thoroughly litigated this case without the assistance of counsel—filing the instant Petition, a supporting memorandum of law, and a reply to Respondent's opposition, (Docket Nos. 2, 32), as well as two additional motions for bail and consideration of a supplemental affidavit, (Docket Nos. 14, 25-26).  Petitioner's evident ability to gather relevant facts and advocate on his own behalf "weighs against a finding . . . that appointment of counsel is necessary for justice to be served." *See Martinson*, 2004 WL 203005, at *3 ("Petitioner, proceeding *pro se*, has managed, to date, to present his claim clearly, reply in an articulate manner to the Government's opposition, and move the Court successfully with respect to two evidentiary issues."); *Ramirez v. Attorney Gen.*, No. 99 Civ.1909 (BSJ) (RLE), 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) (denying petitioner's application for counsel because he had "reasonably presented his arguments in his habeas petition and ha[d] submitted extensive

*pro se* supplemental briefs . . . .").  Furthermore, the Petition relies heavily on appellate counsel's

arguments before the Appellate Division, Second Department ("Appellate Division"). (Docket

No. 2 at 2, 5, 7, 64-74).  Because Petitioner has "had the benefit of an appellate attorney's brief

before the Appellate Division . . . he has been able to write his petition articulately." *Bravo v.*

*Miller*, No. 03 Civ. 4831 (BSJ)(DFE), 2003 WL 22004882, at *1 (S.D.N.Y. Aug. 25, 2003).

Moreover, Petitioner has not "made any showing of special circumstances that warrant the

appointment of counsel in his case." *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL

3154561, at *3 (S.D.N.Y. Apr. 3, 2010) ("Petitioner has not, for instance, claimed to have any

language difficulties or mental health problems[.]").  Nor does the Petition raise any claims that

are so complex or unique that an attorney's involvement would be particularly helpful. *See id.*

Petitioner argues that he is entitled to an attorney because "the [D]istrict [A]ttorney

submitt[ed] her motion with all . . . differe[e]nt[] part[ie]s." (Docket No. 30 at 1).  In support of

this argument, Petitioner cites what appears to be a portion of the Courts of Criminal Appeals

Rules of Practice and Procedure—which apply to military Courts of Criminal Appeals—and

provide that "[p]ursuant to Article 70(c)(2), and subject to paragraph (a)(2) of this section,

appellate defense counsel will represent the accused when the United States is represented by

counsel before the court." (*Id.* at 2); *see also* 32 C.F.R. § 150.11(b)(2).  However, these rules are

inapplicable in this civil *habeas* proceeding.

Furthermore, it does not appear that this is a case that requires an evidentiary hearing or

any investigation beyond the record already before the Court. *See Velazquez v. Edwards*, No. 00

Civ. 8784 (LAK)(RLE), 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004) ("If no evidentiary

hearing is necessary, the appointment of counsel is not warranted.").  This case requires only the

determination of legal issues, which are set forth in the parties' written submissions.  Thus,

despite Petitioner's claims, "no factual investigation, cross-examination, or elaborate presentation of proof is necessary." *Id.*; *see also Newton v. Coombe*, No. 97CIV.2951(BSJ)(RLE), 1998 WL 418923, at *2 (S.D.N.Y. July 23, 1998). Consequently, the interests of justice do not require appointment of counsel. *See Carmona*, 243 F.3d at 632.

Accordingly, Petitioner's application is denied with leave to renew should circumstances change. The Clerk of the Court is respectfully requested to terminate the pending application (Docket No. 32) and mail a copy of this Order to the *pro se* Petitioner.

Dated: April 21, 2022
White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge