UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS JESSAMY,

                Petitioner,

-against-                                    **ORDER**

AMY LAMANNA, Superintendent,            21 Civ. 9242 (NSR)(JCM)

                Respondent.

------------------------------------------------------------X

      Presently before the Court is petitioner Thomas Jessamy's ("Petitioner") request for *pro bono* counsel, dated May 1, 2023. (Docket No. 48). Petitioner previously requested that the Court appoint him counsel on March 15, 2022, (Docket Nos. 30, 33), which Respondent opposed, (Docket No. 36). The undersigned denied Petitioner's application without prejudice on April 21, 2022. (Docket No. 37). For the reasons set forth below, which largely mirror the reasons articulated by the Court in its April 21, 2022 Order, the Court denies Petitioner's request with leave to renew should circumstances change.

      While a habeas petitioner has no constitutional right to counsel, the Court has discretion to appoint counsel to any person "seeking relief" under 28 U.S.C. § 2254 "[w]henever . . . the interests of justice so require and such person is financially unable to obtain representation." *Padilla v. Artuz*, No. 07 Civ. 5957 (DAB) (DF), 2008 WL 126599, at *1 (S.D.N.Y. Jan. 4, 2008) (quoting 18 U.S.C. § 3006A); *see also Newton v. McAuliffe*, No. 09 Civ. 9818 (JGK), 2010 WL 2267395, at *1 (S.D.N.Y. May 27, 2010).[1] The Court in *Hodge v. Police Officers* established that in exercising its discretion, the court must make two initial inquiries: (i) whether Petitioner

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

can afford counsel; and, if not, (ii) whether the merits of the case and Petitioner's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)) (internal quotations omitted).  Only after these initial findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61–62).

The Court granted Petitioner's application to proceed *in forma pauperis* on December 7, 2021. (Docket No. 5).  Thus, Petitioner has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004).  As for the likely substance of Petitioner's claims, the Court finds that on the face of the pleadings, at least one of the claims asserted by Petitioner may have merit.

Nevertheless, the Court is not persuaded that the appointment of counsel is warranted under the secondary factors articulated in *Hodge*.  Petitioner argues in his renewed motion for counsel that he is not "train[ed]" as an attorney and is "force[d] to defend [himself] against … the [D]istrict [A]ttorney of [W]estchester [C]ounty." (Docket No. 48 at 1).  Petitioner further argues that while the case "may not be complex to [the Court]," the case is subjectively complex to him. (*Id.*).  Contrary to Petitioner's assertions, Petitioner has thoroughly litigated this case without the assistance of counsel.  Petitioner independently filed the Petition, (Docket No. 2), along with a supporting memorandum of law and a reply to Respondent's opposition, (Docket No. 32), a request to proceed *in forma pauperis*, (Docket No. 1), the instant motion, (Docket No.

48), his prior application for counsel, (Docket Nos. 30, 33), as well as two additional motions for bail and consideration of a supplemental affidavit, (Docket Nos. 14, 25-26).  Furthermore, the record is replete with letters and motions that Petitioner filed *pro se*. (*See, e.g.*, Docket Nos. 16, 24 (motion to compel District Attorney's response to Petition); Docket No. 44 (motion for immediate release); Docket No. 45 (same); (Docket No. 49) (letter appraising Court of alleged issues in Petitioner's underlying criminal proceeding)).

Petitioner's evident ability to gather relevant facts and advocate on his own behalf "weighs against a finding . . . that appointment of counsel is necessary for justice to be served." *See Martinson*, 2004 WL 203005, at *3 ("Petitioner, proceeding *pro se*, has managed, to date, to present his claim clearly, reply in an articulate manner to the Government's opposition, and move the Court successfully with respect to two evidentiary issues."); *Ramirez v. Attorney Gen.*, No. 99 Civ.1909 (BSJ) (RLE), 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) (denying petitioner's application for counsel because he had "reasonably presented his arguments in his habeas petition and ha[d] submitted extensive *pro se* supplemental briefs . . . .").

Furthermore, the Petition relies heavily on appellate counsel's arguments before the Appellate Division, Second Department ("Appellate Division"). (Docket No. 2 at 2, 5, 7, 64–74). Because Petitioner has "had the benefit of an appellate attorney's brief before the Appellate Division . . . he has been able to write his petition articulately." *Bravo v. Miller*, No. 03 Civ. 4831 (BSJ)(DFE), 2003 WL 22004882, at *1 (S.D.N.Y. Aug. 25, 2003).

Additionally, when determining whether to grant a habeas petitioner's application for counsel, courts consider whether an evidentiary hearing should be held. *See Velasquez v. Edwards*, No. 00Civ8784(LAK)(RLE), 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004).  "If no evidentiary hearing is necessary, the appointment of counsel is not warranted." *Id.* (citing *U.S.*

*ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974)).  This case, a habeas corpus proceeding, "requires only the determination of legal issues, which are set forth in the parties' written submissions." *Wilkinson v. Collado*, No. 22 Civ. 1702 (CS)(JCM), 2022 WL 2163030, at *2 (S.D.N.Y. May 4, 2022).  Thus, "[n]o factual investigation, cross-examination, or elaborate presentation of proof," such as an evidentiary hearing, is necessary. *Velasquez*, 2004 WL 3030057, at *2.  Moreover, "[t]he only factual issues in this case can be determined from the trial transcript, of which [Petitioner] has a copy." *Id.*

      Finally, Petitioner has not "made any showing of special circumstances that warrant the appointment of counsel in his case." *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Apr. 3, 2010).  "Petitioner has not, for instance, claimed to have any language difficulties or mental health problems[.]" *Id.*  While Petitioner raises in an unrelated submission that he is "62 years of age and [his] health is not that well," (Docket No. 45), this is not sufficient to establish the type of special circumstances warranting appointment of counsel. *Cf Velasquez*, 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004) ("It also does not follow that [petitioner's] age of sixty-two years and medical conditions, *although undeniably serious*, preclude him from adequately prosecuting this action.") (emphasis added).  As such, the interests of justice do not require the appointment of counsel in this case. *See Padilla*, 2008 WL 2267395, at *1.

-5-

Accordingly, Petitioner's application is denied with leave to renew should circumstances change. The Clerk of the Court is respectfully requested to terminate the pending application (Docket No. 48) and mail a copy of this Order to the *pro se* Petitioner.

Dated:   May 11, 2023
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge